Santa Rita Jail
Russell D. Rodgers (AFR-2985)
5325 Broder Blvd. (3E./E-11)
Dublin, Ca. 94568

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

FILED MAY 22 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

RUSSELL DWAYNE RODGERS,
            Plaintiff,
v.
DR. GRIFFITH, et al.,
            Defendants.

No. C07-05997 SBA (PR)

AFFIDAVIT/WRIT OF ERROR

[There was no IFP application included w/order; Please Provide]. Though Plaintiff sent change of address to court recently (approx. April 5, 2008 - after being rearrested 3/20, and transferred from San Mateo County Jail to Santa Rita Jail on 3/26 - then having to await indigent status envelopes from jailers) this mail was sent to his home address. Also, Plaintiff more recently sent notice of address change (to San Francisco Office because case number(s) are/were unknown, and there's a new filing) on approx. April 15, 2008. *Plaintiff will be at home address w/in 30 days.

In the instant order the Court has erred in sending Plaintiff a case (No. CV06-06559 SBA) against defendant Charles Plummer where a Paul Mitchell is a/the Plaintiff. Indeed Plaintiff Rodgers has a case against def. Plummer, et al., (Sheriff of San Mateo County Jail) in progress, but w/no other Plaintiffs involved.

Plaintiff has enclosed copies sent him by this ct, and prays the court return copies for Plaintiff' file(s) (which are sent to Ct. for expediency/clarity).

Plaintiff request Ct. nullify previous order and clarify all proceedings.

I, Plaintiff Russell Rodgers declare the foregoing true and correct to the best of my knowledge, by penalty of perjury. Executed at Santa Rita Jail, on 5/17/08. /s/ R.D.Rodgers

1  UNITED STATES DISTRICT COURT
2  FOR THE
   NORTHERN DISTRICT OF CALIFORNIA
3
4  PAUL MITCHELL,                    *unknown*    Case Number: CV06-06559 SBA
5           Plaintiff,
                                                  **CERTIFICATE OF SERVICE**
6   v.
7  CHARLES C. PLUMMER et al,   
                                 + Old Santa Rita Sheriff
8           Defendant.            + New San Mateo County Sheriff //
9  ─────────────────────────

10  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.
11
12  That on May 8, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.
13
14
15
    Paul Mitchell BBC609
16  Santa Rita County Jail
    5325 Broder Blvd.
17  Dublin, CA 94568-3309

18  Dated: May 8, 2008
                                        Richard W. Wieking, Clerk
19                                      By: LISA R CLARK, Deputy Clerk
20
21
22
23
24
25
26
27
28

P:\PRO-SE\SBA\CR.07\Rodgers5997.FileIFP-NONprisoner.frm   3

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FILED
MAY 0 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

| | |
|---|---|
| RUSSELL DWAYNE RODGERS, | No. C 07-05997 SBA (PR) |
| Plaintiff, | **ORDER REGARDING** *IN FORMA PAUPERIS* **MOTION** |
| v. | |
| DR. GRIFFITH, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983. He has also filed an application to proceed in forma pauperis (IFP). However, Plaintiff filed a Notice of Change of Address requesting the Clerk of the Court to forward all documents to 2458 Illinois Street, East Palo Alto, CA 94303, which the Court assumes is his home address because Plaintiff does not specify that he was transferred to another institution.

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). But if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted IFP status. See 28 U.S.C. § 1915(b)(1). This is done by way of an "installment plan," whereby the court will assess an initial payment, and the prisoner will be required thereafter to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account. See id. However, if a prisoner who seeks leave to proceed IFP is released from prison while his action is pending, he will not be required to pay the full filing fee if IFP status is granted. See, e.g., DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003) (statutory language, legislative intent and policy reasons dictate that prisoner granted IFP status when he filed action would not be liable for full amount of filing fee upon release but must be allowed to apply to proceed under general IFP provisions of § 1915(a)(1)); McGore v. Wrigglesworth, 114 F.3d 601, 613 (6th Cir. 1997) (same); McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 29-30 (2d Cir. 1996) (same).

Because Plaintiff no longer is incarcerated, in order for the Court to assess whether he is entitled to proceed IFP he must apply to proceed IFP under the general provisions of 28 U.S.C. § 1915(a)(1). The Court will not rely upon any prior IFP application filed by Plaintiff while he was incarcerated to make the IFP determination in this action. Therefore, Plaintiff's motion for leave to proceed IFP is TERMINATED as moot. Plaintiff shall either pay the $350.00 filing fee or file a new non-prisoner IFP application. If, based upon the information provided by Plaintiff, the Court grants Plaintiff leave to proceed IFP, the Court will proceed to review the complaint under § 1915(e)(2).[1] If the Court determines that Plaintiff is not entitled to IFP status, he will be required to pay the full filing fee or the action will be dismissed.

Accordingly, Plaintiff is hereby ORDERED to file a non-prisoner application to proceed IFP. Plaintiff shall answer all questions and shall include Plaintiff's name and case number C 07-05997 SBA (PR) on the attached application. Plaintiff shall file his completed application within <u>thirty (30) days</u> of the date of this Order.

The Clerk of the Court shall send Plaintiff a blank non-prisoner IFP application form along with a copy of this Order.

The Court reminds Plaintiff it is his responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**Failure to file a completed non-prisoner IFP application form as ordered herein by the thirty-day deadline shall result in the dismissal of this action without prejudice.**

IT IS SO ORDERED.

DATED: 5/8/08

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] Under this section, the Court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any IFP action.

P:\PRO-SE\SBA\CR.07\Rodgers5997.FileIFP-NONprisoner.frm   2

