IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL DWAYNE RODGERS, | No. C 07-05997 SBA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| DR. GRIFFITH, et al., | |
| Defendants. | |

United States District Court
For the Northern District of California

Plaintiff Russell Dwayne Rodgers filed this <u>pro se</u> civil rights action under 42 U.S.C. § 1983 against prison officials at San Quentin State Prison (SQSP) and California State Prison, Sacramento (New Folsom) for alleged incidents which occurred while he was incarcerated there. Plaintiff has since been released from state prison. He has been granted leave to proceed <u>in forma pauperis</u>.

**BACKGROUND**

In his complaint, Plaintiff claims that on August 29, 2007, Defendant SQSP Physician Griffith "nipped off the tip of my small left toe." (<u>Id.</u>) Plaintiff alleges that Defendant Griffith gave him bandages, but did not give him pain killers. (<u>Id.</u>)

Plaintiff alleges that although he was transferred from San Mateo County Jail (SMCJ) to SQSP on May 26, 2007, he did not "receive notice of a warrant/detainer" from SMCJ until August 28, 2007. (Compl. at 3.) Plaintiff claims that Defendants SQSP Correctional Counselors De La Hante, Nobles and Shelton as well as the "Admin./Warden" at SQSP failed to give him a "1381 form." (<u>Id.</u>)

Finally, Plaintiff claims the warden of records at SQSP failed to correctly calculate his date for release/parole, and that he was being "falsely imprisoned." (<u>Id.</u>)

Plaintiff seeks monetary damages.

**DISCUSSION**

**I.    Venue**

A threshold issue in this case is the matter of venue. Plaintiff names New Folsom prison

**United States District Court**
For the Northern District of California

officials as Defendants in his complaint.  New Folsom lies within the venue of the Eastern District of California.  See 28 U.S.C. § 84(b).  Therefore, venue is not proper in this district.  See 28 U.S.C. § 1391(b).  Accordingly, Plaintiff's claims against New Folsom prison officials are DISMISSED without prejudice to refiling in the United States District Court for the Eastern District of California.

The Court will, however, address Plaintiff's claims pertaining to his conditions of confinement while incarcerated at SQSP.  Venue is proper in this district because SQSP is in Marin County, which is located in this district.  See 28 U.S.C. § 1391(b).

## II.    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  This includes evidence that a supervisor implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Redman, 942 F.2d at 1446; see Jeffers v. Gomez, 267 F.3d 895, 917 (9th Cir. 2001).

United States District Court
For the Northern District of California

### III.    Exhaustion

A question which must be answered before Plaintiff can proceed with his claims is whether he has exhausted available administrative remedies with respect to each claim.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Under this section, an action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if the prisoner fully exhausts while the suit is pending.  See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective."  Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 & n.5 (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  Id. at 741.  The purposes of the exhaustion requirement include allowing the prison to take responsive action, filtering out frivolous cases and creating an administrative record.  See Porter, 534 U.S. at 525.

A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), cert. denied, 540 U.S. 810 (2003).  Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies.  Id.

Here, the record is unclear whether Plaintiff exhausted his claims to the Director's level before filing his federal complaint.  Plaintiff contends he has filed administrative appeals (602 inmate appeals) relating to his deliberate indifference claim against Defendant Griffith, but they have never been answered.  It thus appears Plaintiff has not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).  If the allegations that his appeals have not been answered are true, however, it

may be that administrative remedies are not "available" within the meaning of the statute. Accordingly, it appears that Plaintiff's claims are unexhausted and subject to dismissal. If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below.

**IV.    Legal Claims**

    **A.    Deliberate Indifference to Serious Medical Needs**

Plaintiff alleges that on August 29, 2007, Defendant Griffith "nipped of the tip" of his toe and failed to provide him with adequate medical care. Deliberate indifference to his serious medical needs is a cognizable claim for violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. McGuckin, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Id. The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a "serious" need for medical treatment. Id. at 1059-60.

In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant. Id. at 1060. Second, a prisoner can make no claim for deliberate medical indifference unless the denial was harmful. Id.; Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). But the court need not find that the defendant's actions are egregious or that they resulted in significant injury to the prisoner in order to find a violation of the prisoner's federal constitutional rights. Id. at 1060, 1061.

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v.

4

Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Or. State Welfare Div., 662 F.2d 1337, 1404 (9th Cir. 1981).

Here, Plaintiff alleges that Defendant Griffith bandaged his wound, but failed to provide him with pain killers.  (Compl. at 3.)  Plaintiff's allegations fail to state a claim for relief under § 1983 because they do not amount to more than medical negligence.  See, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).  Accordingly, Plaintiff's deliberate indifference claim is DISMISSED for failure to state a claim.  However, this claim will be dismissed with leave to amend to allege facts sufficient to state a claim for deliberate indifference under the standard explained above.

**B.    Claim Relating to "1381 form"**

Plaintiff claims that Defendants SQSP Correctional Counselors De La Hante, Nobles and Shelton as well as the "Admin./Warden" at SQSP "denied [him] access to [a] 1381 form to dismiss the case."  (Compl. at 3.)  California Penal Code § 1381 concerns a prisoner's right to be brought to trial for outstanding offenses within ninety days.  Assuming the "1381 form" Plaintiff refers to in his complaint relates to § 1381, he does not specify how denial of access to the form violated his constitutional rights.

Accordingly, Plaintiff's claim relating to the "1381 form" is DISMISSED with leave to amend.  Plaintiff may file an amended complaint to allege facts which state a cognizable claim of relief.  In his amended complaint, Plaintiff must also link each Defendant to his aforementioned claim by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on

individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

### C.   Claim Relating to His Delayed Release/Parole

Plaintiff claims that the warden of records at SQSP failed to correctly calculate his date for parole or release from prison.  Plaintiff claims that because his parole has been delayed, he is being falsely imprisoned.  Therefore, he seeks monetary damages for his delayed release/parole.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Id. at 487. Therefore, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  Id.

Heck generally bars claims challenging the validity of an arrest, prosecution or conviction. See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck bars false arrest and imprisonment claims until conviction invalidated).  In Heck, the Court made it clear that a § 1983 "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  Heck, 512 U.S. at 489-90 (footnote omitted).  Any such claim is not cognizable and therefore should be dismissed.  See Edwards v. Balisok, 520 U.S. 641, 649 (1997).

"Heck applies to proceedings [that] call into question the fact or duration of parole."  Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir.), cert. denied, 516 U.S. 851 (1995).  Heck also applies to prison authorities' decisions regarding good time credits.  See Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) (Heck bars claim of unconstitutional deprivation of time credits because such a claim

necessarily calls into question the lawfulness of the plaintiff's continuing confinement).  It is clear from these cases that Heck applies when the duration of the plaintiff's sentence is in issue, as it is here.  See Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997) (Heck bars Bivens claim for miscalculation of sentence).  A judgment in favor of Plaintiff would implicate the decision of prison authorities as to how to calculate the length of the sentence to be served, a decision that has not already been invalidated; therefore, Plaintiff fails to state a cognizable claim under § 1983 and his claim should be dismissed.  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (claims barred by Heck should be dismissed sua sponte without prejudice).

It is clear from the allegations in the complaint that, as of the date of filing, Plaintiff's claim for damages based on his delayed release/parole was barred by Heck.  As mentioned earlier, it appears from Plaintiff's more recent filings, however, that he might no longer be incarcerated and thus, depending on the circumstances, it is possible that he could state a cause of action for damages that are not barred by Heck.  Accordingly, Plaintiff's claim is DISMISSED with leave to amend his claim to prove that his conviction or sentence has been invalidated.  If Plaintiff does not do so, his claim will be dismissed without prejudice to Plaintiff filing a new action should a cause of action ever accrue.

**D.    Claims Against Doe Defendants**

Plaintiff asserts claims against the unnamed SQSP warden of records and "Admin./Warden," which the Court construes as claims against Doe Defendants whose name he intends to learn through discovery.  Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corr., 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint.  In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds.  See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED from this action

without prejudice.  Should Plaintiff learn their identities, he may move to add them as named

defendants.  See <u>Brass v. County of Los Angeles</u>, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.      Plaintiff's claims against the New Folsom prison officials are DISMISSED without

prejudice to refiling in the United States District Court for the Eastern District of California.

2.      Plaintiff's Eighth Amendment claim against Defendant Griffith for deliberate

indifference to serious medical needs is DISMISSED with leave to amend.

3.      Plaintiff's claim relating to the "1381 form" is DISMISSED with leave to amend.

4.      Plaintiff's claim relating to his delayed release/parole is DISMISSED with leave to

amend to prove that his conviction or sentence has been invalidated.

5.      Plaintiff's claims against the Doe Defendants are DISMISSED without prejudice.

6.      Within **thirty (30) days** from the date of this Order Plaintiff shall file an amended

complaint as set forth above.  Plaintiff must use the attached civil rights form, write the case number

for this action on the form, clearly label the complaint "Amended Complaint," and complete all

sections of the form.  Plaintiff's failure to file an amended complaint will result in the dismissal of this

action without prejudice for failure to state a cognizable claim for relief and for failure to exhaust

available administrative remedies.

7.      The Clerk of the Court shall send Plaintiff a blank civil rights form along with a copy

of this Order.

IT IS SO ORDERED.

DATED: 10/21/08

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Rodgers5997.DWLA.frm8

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RUSSELL DWAYNE RODGERS,

      Plaintiff,

  v.

GRIFFITH et al,

      Defendant.
_____/

Case Number: CV07-05997 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 22, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Russell Dwayne Rodgers
2458 Illinois Street
East Palo Alto,  CA 94303

Dated: October 22, 2008

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

United States District Court
For the Northern District of California

P:\PRO-SE\SBA\CR.07\Rodgers5997.DWLA.frm9