IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL DWAYNE RODGERS,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. GRIFFITH, et al.,<br><br>    Defendants.<br>_____ | No. C 07-05997 SBA (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Russell Dwayne Rodgers filed this pro se civil rights action under 42 U.S.C. § 1983 against prison officials at San Quentin State Prison (SQSP) and California State Prison, Sacramento (New Folsom) for alleged incidents which occurred while he was incarcerated there. Plaintiff has since been released from state prison. He has been granted leave to proceed in forma pauperis.

The Court conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A(a). The following background is taken from the Court's October 21, 2008 Order of Dismissal With Leave to Amend:

> In his complaint, Plaintiff claims that on August 29, 2007, Defendant SQSP Physician Griffith "nipped off the tip of my small left toe." (Id.) Plaintiff alleges that Defendant Griffith gave him bandages, but did not give him pain killers. (Id.)
>
> Plaintiff alleges that although he was transferred from San Mateo County Jail (SMCJ) to SQSP on May 26, 2007, he did not "receive notice of a warrant/detainer" from SMCJ until August 28, 2007. (Compl. at 3.) Plaintiff claims that Defendants SQSP Correctional Counselors De La Hante, Nobles and Shelton as well as the "Admin./Warden" at SQSP failed to give him a "1381 form." (Id.)
>
> Finally, Plaintiff claims the warden of records at SQSP failed to correctly calculate his date for release/parole, and that he was being "falsely imprisoned." (Id.)
>
> Plaintiff seeks monetary damages.

(Oct. 21, 2008 Order at. 1) As mentioned above, Plaintiff asserted that he was subjected to violations of his constitutional rights at SQSP and New Folsom. First, Plaintiff's claims against New Folsom prison officials were dismissed without prejudice to refiling in the United States District Court for the Eastern District of California. The Court then addressed Plaintiff's claims pertaining to his

conditions of confinement while incarcerated at SQSP.  The Court determined that the record was unclear as to whether Plaintiff exhausted his claims to the Director's level before filing his federal complaint.  The Court stated, "If Plaintiff did exhaust his administrative remedies with respect to any or all of those claims before filing this action, he may amend his complaint to so allege, as set forth below."  (Id. at 3-4.)  As to Plaintiff's allegations relating to Defendant Griffith, the Court found that they did not amount to more than medical negligence and thus failed to state a claim for relief under § 1983.  (Id. at 5.)  Plaintiff's deliberate indifference claim was dismissed with leave to amend to allege facts sufficient to state a claim for deliberate indifference.  With regards to Plaintiff's claim that "Defendants SQSP Correctional Counselors De La Hante, Nobles and Shelton as well as the 'Admin./Warden' at SQSP 'denied [him] access to [a] 1381 form to dismiss the case,'" the Court determined that Plaintiff did not specify how denial of access to the form violated his constitutional rights.  (Id. at 5.)  Therefore, Plaintiff's claim relating to the "1381 form" was dismissed with leave to amend, and he was directed to file an amended complaint alleging facts which state a cognizable claim of relief.  He was also instructed to link each Defendant to his aforementioned claim by explaining what that Defendant did that caused a violation of Plaintiff's constitutional rights.  Finally, Plaintiff claimed that the warden of records at SQSP failed to correctly calculate his date for parole or release from prison.  However, the Court found that it was clear from the allegations in the complaint that, as of the date of filing, Plaintiff's claim for damages based on his delayed release/parole was barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Because Plaintiff's more recent filings indicated that he might no longer be incarcerated, his claim was DISMISSED with leave to amend his claim to prove that his conviction or sentence has been invalidated.  The Court granted Plaintiff thirty days to file an amended complaint to cure the pleading deficiencies, or to suffer dismissal of this action.

    Plaintiff subsequently filed an amended complaint.  Plaintiff again claims that Defendant Griffith "carelessly and with obvious indifference cut off the tip of Plaintiff's (left) small toe . . . ."  (Am. Comp. at 1.)  Plaintiff adds that Defendant Griffith's "age and/or strength, as well as eyesight (abilities) seem to plat a significant role contributing to Plaintiff's injuries."  (Id. at 2.)  Plaintiff also alleged that Defendant Griffith "stated he'd previously been sued for just such an incident."  (Id. at 1.)

Plaintiff named Defendant Griffith's supervisors as Doe Defendants, who are liable for supervisory liability because "if in fact the Doctor Griffith had been previously sued for just an exact incident his supervisory and employer(s) should have taken these factors into account in analysing [sic] the Doctors [sic] abilities to do the job (in failing they are also indifferent in their duties and/or inaction)." (Id.)  In his amended complaint, Plaintiff failed to amend his claim relating to the "1381 form" or his claim for damages based on his delayed release/parole.

The Court has reviewed Plaintiff's amended complaint and finds that it does not cure the pleading deficiencies of his claims identified in the Court's Order dismissing the original complaint with leave to amend.  Plaintiff's allegations relating to his deliberate indifference claim in his amended complaint fail to state a claim for relief under § 1983 because they do not amount to more than medical negligence.  See, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights);  O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain).  Because Plaintiff's claims against Defendant Griffith do not amount to more than medical negligence, his allegations against Defendant's Griffith fail to state a claim upon which relief may be granted.  Furthermore, the Court notes that Plaintiff has failed to amend his claim to show that he exhausted his administrative remedies with respect to his deliberate indifference claim before he filed suit.  Accordingly, Plaintiff's deliberate indifference claim is DISMISSED for failure to state a claim.

The time has passed for Plaintiff to file amended claims relating to the "1381 form" and to his delayed release/parole, and no amended claims have been filed.  Therefore the remaining claims relating to the "1381 form" and to his delayed release/parole are also DISMISSED for failure to state

a claim.

Accordingly, Plaintiff's amended complaint DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Plaintiff's case. The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 12/8/09

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.07\Rodgers5997.dismiss(NEG).frm

**United States District Court**
For the Northern District of California

1
2  UNITED STATES DISTRICT COURT
3  FOR THE
   NORTHERN DISTRICT OF CALIFORNIA
4
5  RUSSELL DWAYNE RODGERS,
                                                    Case Number: CV07-05997 SBA
6              Plaintiff,
                                                    **CERTIFICATE OF SERVICE**
7     v.
8  GRIFFITH et al,
9              Defendant.
                                                /
10
11 I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.
12
13 That on December 10, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.
14
15
16
17 Russell Dwayne Rodgers
   2458 Illinois Street
18 East Palo Alto, CA 94303

19 Dated: December 10, 2009
                                                    Richard W. Wieking, Clerk
20                                                  By: LISA R CLARK, Deputy Clerk
21
22
23
24
25
26
27
28

P:\PRO-SE\SBA\CR.07\Rodgers5997.dismiss(NEG).frm